IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CEDRIC AH SING, #A0112164,<br><br>Plaintiff,<br><br>vs.<br><br>SHARI KIMOTO,<br><br>Defendant. | ) | CIV. NO. 12-00099 JMS/RLP<br><br>ORDER GRANTING MOTION TO CHANGE VENUE |

**ORDER GRANTING MOTION TO CHANGE VENUE**

Pro se Plaintiff Cedric Ah Sing is a Hawaii state prisoner incarcerated at the Saguaro Correctional Center ("SCC"), located in Eloy, Arizona.[1] On February 17, 2012, Defendant Shari Kimoto, Mainland Administrator for the Hawaii Department of Public Safety ("DPS"), timely removed this action from the Circuit Court of the First Circuit, State of Hawaii, pursuant to 28 U.S.C. § 1441(b). *See* ECF No.1.

Kimoto now seeks a change of venue to the District of Arizona. ECF No. 5. Based on the following, Kimoto's Motion to Change Venue is GRANTED and this action is TRANSFERRED to the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1404(a).

[1] The Hawaii Department of Public Safety ("DPS") contracts for correctional services with Corrections Corporation of America ("CCA"), which operates SCC.

## I. BACKGROUND

Plaintiff alleges that, on or about August 13, 2008, SCC Assistant Warden Ben Griego ordered him placed in pre-hearing segregation while prison officials investigated an incident that allegedly occurred four months earlier, on April 9, 2008. *See* ECF No. 1-2, Compl. at 1, 14. Plaintiff complains that Griego violated CCA policies and procedures by doing so.

On September 3, 2008, SCC officials concluded the investigation, charged Plaintiff with conspiring with his son (who was also incarcerated at SCC) to assault another inmate, and issued Plaintiff a notice of the charges and forthcoming hearing. *See id*. at 15. On September 11, 2008, SCC Sergeant Trejo conducted the disciplinary hearing, found Plaintiff guilty, and sanctioned him to sixty days in segregation. These charges were upheld after Plaintiff's appeal. *Id.*

Plaintiff does not explain Kimoto's connection to this incident and it is not clear what actions she took to violate his constitutional rights. Plaintiff simply alleges that Kimoto violated his right to due process under the United States and Hawaii Constitutions by condoning Griego's and Trejo's actions. *Id*. at 3. Plaintiff complains that "Kimoto's inaction and failure to recognize the *Wolff v. McDonnell*[2] rule of due process . . . created an atypical and significant hardship"

[2] 418 U.S. 539 (1974).

on him. *Id.* Although not clear, it appears that Kimoto may have denied Plaintiff's grievance concerning this incident. Plaintiff alleges that, because of his placement in segregation, he was forced to surrender his personal items, and that Kimoto is therefore responsible for the loss of this property.

## II. LEGAL STANDARDS

The removal statute, rather than the general venue statute, governs venue in cases removed from state court. *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665-66 (1953); *Davis v. Abercrombie*, 2011 WL 2118276, at *4 (D. Haw. May 27, 2011). Venue of a properly removed action is in the "district of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). And, although venue in Hawaii is proper, this action may still be transferred to the District of Arizona pursuant to 28 U.S.C. § 1404(a). *See* 14C Charles Alan Wright et al., *Federal Practice and Procedure* § 3732 ("Even when venue is proper in the federal court, a removed action may be transferred to another federal district court in accordance with various federal transfer provisions, most notably Section 1404(a)[.]").

"Under § 1404(a), the district court has discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498

(9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp*., 487 U.S. 22, 29 (1988)) (quotation marks omitted). The purpose of transfer under § 1404(a) is "'to prevent the waste of time, energy, and money', and 'to protect litigants, witnesses, and the public against unnecessary inconvenience and expense.'" *Kawamoto v. CB Richard Ellis, Inc.*, 225 F. Supp. 2d 1209, 1213 (D. Haw. 2002) (quoting *Lung v. Yachts Int'l,* 980 F. Supp. 1362, 1369 (D. Haw. 1997)) (further citation omitted). Thus, to transfer a case, a defendant must first show that the transferee court is one in which the action could have been commenced originally, and that the transfer would result in greater convenience to the parties and witnesses, as well as advance the interest of justice. 28 U.S.C. § 1404(a).

The court must weigh several factors to determine whether to transfer a case pursuant to § 1404(a), including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498-99. "Ultimately, the moving party has the burden of showing that an alternative forum is the more appropriate forum for the action."

*Tamashiro v. Harvey*, 487 F. Supp. 2d 1162, 1168 (D. Haw. 2006) (citation omitted).

## III. DISCUSSION

Addressing *Jones*' Section 1404(a)'s factors, the court finds that Defendant has shown that the District of Arizona is the more appropriate forum for this action.

The fourth and fifth *Jones*' factors -- evaluating the claims' and the parties' contacts with the forum -- weigh strongly in favor of transfer. The events that triggered Plaintiff's claims, that Griego placed Plaintiff in pre-hearing segregation pending investigation of disciplinary charges, and Trejo later found him guilty of those charges, indisputably occurred in Arizona, not in Hawaii. The parties' contacts with Hawaii are attenuated. Although Plaintiff was convicted in Hawaii, he was not incarcerated in Hawaii when the events at issue took place, nor is he now. Further, although Plaintiff names Hawaii resident Kimoto as the only Defendant, he does not adequately explain Kimoto's connection to his claims, but appears to name her in an effort to ensure that his claims against Griego and Trejo are heard in Hawaii. Nor does Plaintiff justify his decision to forgo raising claims against CCA officials, SCC officials, Griego, or Trejo, despite the Complaint's focus on their conduct that allegedly denied him due process. Griego,

Trejo, and the other unnamed CCA and SCC prison officials have no apparent contacts with Hawaii. Thus, there are *no* significant contacts between Plaintiff's cause of action and Hawaii, and negligible contacts between the parties and Hawaii.

*Jones*' sixth factor, weighing the costs of litigation between the two forums, also strongly favors transferring this action to the District of Arizona. If this case proceeds to trial, the State of Hawaii will be forced to bear the expense of transporting Plaintiff to Hawaii, with the attendant costs for his supervision during the transfer and while he is in Hawaii. At the conclusion of trial, the State will bear the expense of transferring Plaintiff back to Arizona. These same considerations apply to any Arizona inmates that may testify at trial.

Additionally, the costs of defending this suit in Hawaii will be significant, as they will likely include transportation, lodging, and meals for SCC employees Griego and Trejo at a minimum, and likely other CCA and SCC officials.

On the other hand, should Plaintiff's claims against Kimoto withstand screening under 28 U.S.C. § 1915(e) after transfer (and this is doubtful),[3] Kimoto

[3] Because Defendant does not move to dismiss this action, and because any dismissal of the Complaint would likely be with leave to amend, the court leaves screening of the Complaint pursuant to 28 U.S.C. § 1915(e) to the transferee court.

has consented to venue in Arizona, and can more easily and inexpensively travel to and from Arizona. As noted, Griego, Trejo, and the other likely witnesses relevant to Plaintiff's claims are located in Arizona.

*Jones*' seventh and eighth factors also weigh in favor of transfer. First, this court lacks subpoena power over a person "who is neither a party nor a party's officer to travel more than 100 miles." *See* Fed. R. Civ. P. 45(c)(3)(B)(iii). This may include Griego and Trejo and any other SCC employees or SCC inmates or who may have knowledge of his claims and are unwilling to travel to Hawaii. Second, although not as insurmountable, the sources of documentary evidence supporting Plaintiff's claims, such as CCA and SCC institutional records including Griego's and Trejo's employee records, are located in Arizona.

Although Plaintiff's choice of forum, *Jones*' third factor, normally weighs against transfer of venue, *see Creative Tech., Ltd. v. Aztech Sys.*, 61 F.3d 696, 703 (9th Cir. 1995), when a plaintiff does not reside in the forum, that preference is given considerably less weight. *See Yoder v. Ryan*, 318 F. Supp. 2d 601, 605-06 (N.D. Ill. 2004) (stating that prisoners' choice of forum "is given no special weight" where the prisoners were not incarcerated in the forum and most of the material events did not take place in the forum); *Sweet-Reddy v. Vons Cos.*, 2007 WL 841792, at *2 (N.D. Cal. Mar. 20, 2007) (finding that deference to

plaintiff's choice of forum is diminished when plaintiff does not reside in chosen forum and none of the events alleged in the complaint occurred there); *see also* Schwarzer et al., *Fed. Civ. P. Before Trial* § 4:761 (2008) (citation omitted).

The court recognizes that, as an inmate, Plaintiff has no control over where he resides. Nonetheless, Plaintiff has been in Arizona since at least 2008, his claims allegedly occurred there, and it appears that his choice of forum is motivated more by his desire to litigate in Hawaii than by any careful consideration of where the best forum for his claims lies. *Cf. Rumsfield v. Padilla*, 542 U.S. 426, 447 (2004) (holding that § 2241 petitioners must file in the district of confinement, otherwise "a prisoner could name a high-level supervisory official as respondent and then sue that person wherever he is amenable to long-arm jurisdiction. The result would be rampant forum shopping[.]").

As to the second *Jones*' factor, because Plaintiff's federal constitutional claims are the central focus of his Complaint there is no basis for finding that Hawaii is the more proper venue than Arizona. In addition, to the extent Plaintiff raises other, less obvious state law claims, after a transfer pursuant to § 1404(a), "the transferee district court generally must apply the state law that the transferor district court would have applied had the case not been transferred." *Shannon-Vail Five Inc. v. Bunch*, 270 F.3d 1207, 1210 (9th Cir. 2001); *see also*

*Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964) ("[A] change of venue under § 1404(a) generally should be, with respect to state law, but a change of courtrooms."). Plaintiff will not lose any state law causes of action as a consequence of the transfer of this action.

With respect to either court's familiarity with Plaintiff's claims, there is no evidence before the court that Hawaii is more favorable than the District of Arizona for resolution of Plaintiff's claims. To the contrary, if either court has a stronger interest in the controversy, it is the District of Arizona, which is the site of several prisons owned and operated by CCA. While the law applied may be the same in either district, the events giving rise to Plaintiff's claims took place in Arizona. Thus, *Jones*' second factor is either neutral or slightly favors transfer to Arizona.

Finally, Plaintiff does not allege a breach of contract claim or even name the State of Hawaii as a defendant. Therefore, *Jones*' first factor, relating to the location of the contractual agreement between CCA and the State of Hawaii to house and incarcerate Hawaii prisoners in Arizona, does not affect this determination.[4]

[4] In his Opposition to Defendant's Motion to Transfer Venue, Plaintiff argues that this case was improperly removed from state court. *See* ECF No. 7, Opp'n. But removal was proper, *see* 28 U.S.C. §§ 1331, 1441, and Plaintiff does not otherwise argue why transfer to the District of Arizona is inappropriate.

## IV. CONCLUSION

Because the critical events occurred in Arizona, it would be substantially more convenient for the witnesses and parties, and because deference to Plaintiff's choice of forum is limited by the fact that he resides in Arizona, transfer of venue to the District of Arizona would serve the convenience of the parties and witnesses and promote the interests of justice. Defendant's Motion to Transfer Venue is GRANTED. This action is TRANSFERRED to the United States District Court for the District of Arizona. The Clerk of Court is DIRECTED to close the file and send any pending motions or further documents received from Plaintiff to the United States District Court for the District of Arizona. Plaintiff's ex parte motion for leave to file a response to Defendant's Reply is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 17, 2012.




/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Ah Sing v. Kimoto*, Civ. No. 12-00099 JMS/RLP; Order Granting Motion to Transfer Venue; psas/trsfr or venue/dmp/2012/Sing 12-99 JMS (rev'd)